The next case for argument is 22-2126 Perez v. McDonough. Good morning, please proceed. Good morning, Your Honor. May a police court count Carpenter appearing on behalf of Mr. Eddie Perez. The Veterans Court, in its decision, acknowledged that Mr. Perez was correct that the regional office, in its original administrative decision on the character of his discharge, cited to what was referred to as the statutory bar under 3.12D. There is no statutory bar under 3.12. No, but everybody's confessed error on that. Everybody's tried to clean that. Okay. Yes, we get that. The VA's administrative decision, however, which is at appendix 20-21, at page 20, framed the issue as whether or not the veteran's discharge from a period from the date of his entry to the date of his discharge was a bar to benefits under 3.12D. That simply is not the criteria or the correct statement of the issue under 3.12D. That regulation specifically provides that a discharge or release because of one of the offenses specified in the paragraph below is considered to have been issued under dishonorable conditions. I was very confused by the argument you were making, even leaving aside for a moment the question of what was raised before the ROLs and COEs. So that will be my second question. My first question is you're saying that you weren't challenging the validity of the reg. Correct. But you are saying that what you are challenging is the inconsistency between the statute and the reg. That's correct. What follows from, if there's an inconsistency between a statute and a reg, isn't that argument necessarily made to mean that the reg is invalid because the statute trumps the reg? So what is the practical difference between saying the reg is invalid because it's inconsistent with the statute or as saying, as you do, that the statute and the reg are inconsistent? I'm just at a loss. Well, I apologize, Your Honor, and I should have tried to make that more clear. But as we did in our briefing both before the agency and before the court below, we pointed out that there is an inherent inconsistency between the regulatory requirements and the statutory requirements. What makes this case not necessarily an invalidity case is because within 5303A there is a limited provision, one of the, I believe, seven alternatives that were provided by Congress that specifically address the consequence of a discharge from an unauthorized absence for more than 180 days. And in that provision, within these seven exceptions, the requirement to be disqualified from veterans' benefits is an unauthorized absence for more than 180 days. Mr. Perez, as we pointed out repeatedly both before the agency and before the court, didn't have an unauthorized absence for more than 180 days. Therefore, he could not have committed an offense that would qualify for review under 3.12d. But that does then implicate the plain language of the statute that calls for a different bar at a different legal standard and within that statutory... Can you show me where you made that argument? Is it in gray? Can you show me in gray? I mean, you had to have made it in blue, but I'm looking for it in gray. The statutory argument you just made with regard to the exceptions, et cetera. Well, in the summary of our rebuttal, we point out that the Secretary focused on whether 3.12d.1 was invalid and inconsistent with the statute. We then indicate that Mrs. DeMarc... I'm sorry, is there a gray page? Oh, I'm sorry, on page 1 in the summary of the rebuttal, I apologize. And in that follow-up sentence, it says that the focus misses DeMarc because Mr. Perez's appeal does not seek or require a finding of this court that the reg is itself invalid. We then point out that the issue raised on appeal to the Veterans Court presented both a statutory argument and a regulatory argument, both of which dealt with the interpretation of both of those regs. Okay, but where is the... As I understood, you're just making an argument about this 180 days and there are specific exceptions found in the statute. Where is that argument in the brief? I don't believe we got into the particulars of that argument in the brief because that's what was presented to the board and it was the board's decision that was being reviewed. So you're explaining to us, you did five minutes ago, why you think the statutory language is inconsistent with the reg, or you were talking about all of these exceptions or whatever, but you didn't articulate that detail in the briefs? I mean, you've only got 15 minutes here. It seems a little odd that you go into such detail if this was nowhere made in your briefs. Your Honor... Articulation. I mean, the point was you were trying to show us that there's an inconsistency between the statute and the regs. That was the issue that was presented below, and Judge Greenberg said that he did not see any basis for that as it related to the Q allegation. But the inquiry is not as it relates to the Q allegation. The inquiry relates as to what the meaning is of the statute and the regulation and whether those two can be reconciled. So what's your argument about how they can be reconciled and why they violated the statute? Well, I do not believe they can be... They cannot be reconciled. ...reconciled, but that does not mean the regulation as written and as discussed by this court in Cranford makes that regulation invalid. What does it do? Because that regulation deals with a finding of an offense committed as resulting in dishonorable or being considered upon further review as dishonorable. As this court described in Cranford, the purpose of the 3.12d.1 is to review a decision that was made that you would get a less than honorable discharge. The regulation refers to it as undesirable discharge. This court in Cranford said that the four or five different categories were all considered by the VA in using that language as a catch-all and that it necessarily included other than honorable conditions, which was the basis for Mr. Perez's discharge. Okay, but you started this argument talking about... So you're saying that they misinterpreted the statute. How? How? By saying that 3.12d.1 was applicable and could be utilized under the facts, the undisputed facts, that Mr. Perez had unauthorized absences for I believe it was 158 days, which didn't meet the statutory threshold for disqualification from VA benefits. Therefore, he could not, as a matter of law, have committed an offense... Okay, can you show me in gray or blue where that argument is made about the 158 days and he couldn't have committed that offense, etc., etc.? I'm just going to confirm, Your Honor, but I don't think there was any discussion in the blue brief about the day computation. We were simply stressing that when you read the regulation, you cannot read that regulation without reading the statute. And when you read the statute and you see the criteria in the statute, you can't apply 3.12d.1 to the facts of this case. And that rests on an interpretation of both. And that's what we tried to bring before the Veterans Court to say to the Veterans Court, you have to examine how these two interact. We did not get into the weeds in our briefing here about the day computation, simply because it is on its face in the statute. And the undisputed facts here are that he didn't meet the statutory requirements for the loss of his VA benefits. Had he met that qualification, then this action by the Secretary would have been brought under the statutory bars in 3.12c, which is where they are outlined. And within 3.12c, we see that there is a bar for unauthorized absences of more than 180 days. Mr. Carpenter, looking at your Q request before your client's request, looking at the Q request before the RO to pages 8, 37 to 42, what do you rely on there to show that Mr. Perez's lawyer asserted that section 3.12d is inconsistent with statutory provision 5303? Could you give me the page number again? It's at 837 to 42. I believe it begins at the bottom of appendix 39, where we then on 40, appendix 40, cite the full text of the statute and specifically assert that the record before the VA in April of 2013 lacked a basis in law or fact for the finding that Mr. Perez's discharge under other than honorable conditions was considered to be a bar under 3.12d. There is no bar under 3.12d for an unauthorized absence of 180 days or more. That bar appears in c. But you've gone beyond what's said here. I mean, I hear what you're saying. I truly appreciate your argument. My concern I'm having is that I'm having a hard time seeing what you're saying here on page 840 or 839. Well, Your Honor, at page 41, we offer proposed findings of fact, and it specifically says in proposed finding of fact one that Mr. Perez's period of unauthorized absence from March 5 to August 10 was only, and that's bolded and highlighted, for 158 days. It is probably an error on my part to assume or to have assumed what I believe is the obvious connection. You either have a qualifying offense of AWOL or, excuse me, absence, unauthorized absence of 180 days or more, or you don't. If you do, it's under 3.12c, which is not what the Secretary relied upon. The Secretary specifically relied upon 3.12d.1. And d.1 would work if there was a discharge that was an offense. But I am hard-pressed to understand how my client violates the intent of this regulation to revisit discharges that didn't have an underlying qualifying offense. Because the examination, the purpose is to determine whether that discharge should have been considered under dishonorable conditions. Under the statute, it would have been under dishonorable conditions, because it's an absolute statutory bar that had he been AWOL for what would have been 28 more days, then that would have been a bar and 3.12 would have never come into play. What about our case in Cranford? Cranford, you mean? Cranford, sorry. Where we said we're not limited to the statutory language to want the regulatory provision to go beyond that. And providing for the ability of them in regulations to provide for additional situations in which a former service member is considered dishonorably discharged. I want to make sure we're talking about the same case. We both, I think, said Crawford, and I'm looking at Cranford. Crawford, Cranford, I'm sorry, I'm so sorry. Cranford. Okay, at 52-4. 22 days. Okay. The difference is, Your Honor, there, that as the opinion said, the only question before us is one of interpretation. Whether those who accept an OTH or otherwise than honorable, yes, discharge in lieu of a general court martial are barred from receiving benefits, meaning a dishonorable discharge, or excuse me, undesirable discharge. Those are not the facts in this case. Those were not the facts before the agency in the first instance. They weren't the facts before the board when they reviewed it. Just to be clear, though, we're not supposed to be looking at the facts like that in this case. We're being asked to look at a legal question. Absolutely, Your Honor. But this court's case law is very clear that it is permissible to look at the facts when the facts are not in dispute. They are not, they're not capable of dispute.  You're saying you're presenting a different question than what's in Cranford. Absolutely, Your Honor. Okay. Okay. Why don't we wait again. I want to hear from the government. Good morning, Your Honors. And may it please the court. We respectfully request that this court dismiss this appeal for lack of jurisdiction. This court has long held that each new theory of Q is a distinct matter and needs to be raised in the first instance before the VA regional office. This doctrine presents a problem for Mr. Perez because his appeal presents an argument rests upon a completely new theory than the one that underpins his Q request. So page A41 with the proposed finding of fact and page A40, I think that those were the pages that A39 were primarily relied on. Could you walk through those? Ironically, even though I didn't see the argument for 180 days in his briefing to us, it seems like he did raise this issue of 158 days versus 180 days in his Q. I don't see it in the briefing before us. So what's your view of that? A couple of things, Your Honor. So to be clear, the arguments before this court involves inconsistency between the statute and the regulation. The statute requires an actual discharge via court-martial, whereas the regulations don't specifically require that. And so Mr. Perez contends that the VA and the Veterans Court failed to grapple with this inconsistency. That discussion of inconsistencies is not on any of the pages that Your Honor is looking at in the Q request. Regarding this issue involving the length of the unauthorized absence, that's not an issue that the regional office decided when they denied his request for benefits. They denied his request for benefits specifically under 38 CFR 3.12 D1. And D1 states that a dishonorable condition involves an acceptance of an undesirable discharge to escape trial by general court-martial. And that's exactly what Mr. Perez did. He accepted discharge in order to escape general court-martial. So what would he have had to raise in the original QTAC claim? Well, it would be one that reflects the arguments here, that there's some sort of inconsistency. We can actually look at what he raised before the board, which does... Let me look at this page, though, page A41. And specifically, there's the proposed findings of fact 1, 2, 3. One talks about the 158 days. Two talks about how the statute requires at least 180 days. And three involves section 3.12 D and says that there's no basis, in fact, for this to apply, presumably because of the 158 days versus 180 days. So why shouldn't I read that to be saying that the statute and the regulation are inconsistent? Well, Your Honor, because it doesn't say that. It doesn't discuss inconsistency. This court just decided in Percival that when a claimant is filing a pro se Q request, we can read that liberally and give the claimant the benefit of the doubt. This was drafted or filed by the same counsel of record that is handling the appeal. So we can't afford this liberal construction. It simply does not discuss the issue that the regulation impermissibly goes beyond the statute. What's a minimum that it could have said here? I mean, I presume... I mean, you're saying it had to expressly say the statute and the regulation are inconsistent. I think at a minimum it should say that the statute and the regulation are inconsistent. And it simply doesn't do that. Instead of what it does on page 38 and 39 is it lists the five different subsections of 3.12 and then in conclusive fashion states that Mr. Perez doesn't fall into any of those. Of course, if we look at page 38, the first one is acceptance of an undesirable discharge to escape trial by general court martial. And that is exactly what Mr. Perez did. It squarely applies to the facts of this case. So this whole discussion about the number of days that he had an unauthorized absence, it is totally peripheral to the issue that the RO decided here. While the number of days is important under the statute, this court in Garvey decided very clearly that the VA has permissibly gone beyond the statute when it defines what it means to have a dishonorable discharge. So what's being argued here in this cue provision at page 841? Is it that there's no way he could have accepted an undesirable discharge as a matter of fact because he wasn't even qualified for that kind of an undesirable discharge under 5303A because he was not absent for 180 days? Do you think that's what the allegation is there? Again, Your Honor, it's difficult to discern what's being said in his cue request. I don't see the specific point about the inconsistency between the statute and the regulation. At the time that Mr. Perez drafted this cue request or filed this cue request, he knew that the regional office decided his claim under 3.12D1. Again, D1 is acceptance of an undesirable discharge in order to avoid general court-martial. So he knew that the basis for his discharge or the basis for his barred-to-benefits, excuse me, was this acceptance of a discharge. So him bringing up the AWOL period of 158 doesn't address the basis of the RO's decision. Okay, let's leave that issue and just go to then let's assume we adjudicate this. So is your position then that even if we do adjudicate this under the law, that our case law is clear in Cranford or whatever, that the regs can go beyond the statute? So even if we construe his CUE claim to be saying they went beyond the statute because this wasn't 180 days and they couldn't do that, implicitly saying even if the reg allows them to do that, they can't do that under the reg because it exceeds what the statute says, and that's been addressed as a legal issue, has it not? Exactly right, Your Honor. With the one caveat that there's also the waiver issue, this wasn't raised at the Veterans Court. But even if this court were to go beyond both the jurisdiction issue and the waiver issue and address the merits, number one, it's not even whether this honorable court believes that this regulation is valid. It's whether at the time that this original claim was adjudicated was there clear and unmistakable error in applying this regulation. And there was nothing, absolutely nothing, to suggest that the straightforward application of that valid contained clear, unmistakable error. So even if this court were to, for some reason, believe that this regulation was invalid, because of Garvey, it would be taken en banc, but it wouldn't even matter because— But, Justice, would we have to demand this to the Court of Entrance claims to deal with this in the first instance? Or because this is strictly a question of law, we can just resolve it here? There are several avenues. Because this is a question of law, this court could decide this regulatory, statutory interpretation interplay. But, again, that would be assuming that this court has jurisdiction in the government's position. I should note, Your Honor, our brief asked principally to affirm the decision of the Veterans Court. Upon further consideration of this issue, we would now principally ask this court to dismiss for lack of jurisdiction or in the alternative— Okay. Tell us again. So the jurisdictional question rests on the fact that he did not preserve this in his original QK. Exactly right, Your Honor. Now, what is it he did not preserve? The challenge to the reg is going beyond what the statute requires? That's exactly right, Your Honor. That they're inconsistent. That's right. Now, can I ask you—now, at this point, this is a question kind of outside the case, but I'm just wondering. Can Mr. Perez go to the Corrections Board to change the characterization of his service from other than honorable per Section 3.112e? I—although I'm hesitant to answer because it's not something that I discussed— I've just seen it in other cases. That's why I'm asking. I believe he could challenge it through a Corrections Board and hit the character of a discharge. What he could do, certainly, is file a Q claim that actually raises this inconsistent allegation. He can do that at any time. So he has other avenues to present the claims that were not properly preserved for this court's— And the Q claim would have to say what? The Q claim would argue—basically, we could copy and paste what is in the appeal, which is that there's the statutes, and there's the regulation, and the regulation goes beyond the statute, and there's an inconsistency there that was— Well, the problem I have is that the Q claim is more specific and more clarifying, in my view, than the briefing here. Because at least in the Q claim, he seems to identify what the inconsistency was. But I didn't get that from his briefs. So I don't know—I don't know what to do with that. I mean, would you agree with what I just said? Well, again, the inconsistent—again, I don't read the Q request as raising an inconsistency argument. What I do read the Q request as saying that the statute doesn't apply because he was under the 180-day threshold. But again, that has nothing to do with the actual regional office decision, which was based upon an acceptance of undesirable discharge, and not based upon any length of day of his unauthorized absence. So I would respectfully disagree that the Q request is any clearer. I believe they're both difficult to both reconcile and understand in the first instance. But again, Your Honor, if this Court is inclined to reach the merits, this case— or this issue was squarely decided in Garvey, in which this Court decided that the VA can promulgate regulations to define what it means to have dishonorable conditions of discharge. And so for that reason, the regulations are valid today, and they were most certainly valid back in 2013 when the VA adjudicated this claim in the first instance. And if there are no further questions, Your Honor, we would rest on our briefs. Thank you. Can we restore two minutes of rebuttal, please? It's very frustrating to articulate an allegation of clear and unmistakable error, where this Court has put the burden on attorneys to be precise. I'm not sure how I could have been any more precise in the allegation. Are you talking about the Q claim or the briefing? No, the Q claim, not the briefing. I accept responsibility. Don't you have to press that clarity? I mean, you're on appeal here on the Q claim, and you don't even mention— I mean, if you're saying your Q claim is clear, you're saying because you said they didn't meet the 100-day threshold of the statute,  if that's the way you had it written. That argument is made on appeal. But, Your Honor, what was decided below was that Judge Greenberg would not address the statutory and regulatory interpretations that were requested to be reviewed. He said, I wouldn't do that. He wasn't satisfied that I had persuaded him that there was need. I am here to try to persuade this Court that there is need. But let me go back to the fundamentals of Q. An allegation of Q is that a statute or a regulation was not correctly applied. Not that it was invalid, but it wasn't correctly applied. And that's precisely what was alleged, and that's precisely what happens here as a matter of law. The VA could not use 3.12d.1 to review whether his discharge, because he was UA for 158 days, was to be considered dishonorable. The only way it can be considered dishonorable, as a matter of law, is under 5103a for a UA more than 180 days. He did what he was required to do. What the government asked this Court to do is to dismiss this because I didn't plead it right. I'm going to go back and plead it again and try to make it more clear that I made it, and then I'm going to have to go through the lengthy litigation to get back here all over again to address the exact same issue. The issue of invalidity that the government keeps harping about is a red herring. There is nothing inherently invalid about 3.12d.1, but it is a clear and unmistakable error to use 3.12d.1 when the applicable reg was 3.12c. I, at the risk of frustrating you further, I just want to ask one question which is about Mr. Perez's options to go to the Corrections Board. Given his circumstances, he seems like he could be a candidate for that. Absolutely not, Joan, because they can't change the fact that his discharge was under other than honorable conditions because he couldn't get an honorable discharge because almost all of his time in service was on unauthorized absence. It's noteworthy that in this decision that he's attacking for Q, the VA actually decided, even though he had a very limited number of days in actual on active duty service, that they would allow him care by the VA. In this same decision, they granted him care for medical purposes under the provision that's available. But what they don't want to do is to run the risk of having the opportunity for him to just present a claim. They haven't even adjudicated his claim. He could adjudicate his claim and be denied, and that would be the end of it unless he appealed that and was able to establish that, no, he in fact had a resulting disability. Thank you.